# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JBR, INC., a California corporation, doing business as ROGERS FAMILY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CAFÉ DON PACO, INC.; ALVARO MONTEALGRE, aka ALVARO E. MONTEALEGRE RIVAS; ROBERTO BENDAÑA, aka ROBERTO BENDAÑA McEWAN,<br><br>Defendants. | Case No. 12-cv-02377 NC<br><br>**ORDER GRANTING LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 56 |

The Court previously ordered plaintiff to show cause why this breach of contract action should not be dismissed for lack of subject matter jurisdiction, because plaintiff failed to allege that defendant Montealegre was a *citizen* of another state and thus diverse from plaintiff. *See* Dkt. No. 1 at ¶ 4 (alleging defendant Montealegre "is a resident of Texas."); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

Plaintiff has responded to the order to show cause by requesting leave to amend the

complaint to cure this pleading defect. Dkt. No. 57. Plaintiff states that defendant Montealegre "is a citizen of Nicaragua, and, as of the date of filing the complaint, was not domiciled in any state in the United States. In fact, defendant and his family moved back to Nicaragua in 2004." *Id.* at 1-2. The Court grants leave to amend the complaint to make the proposed amendment, as long as counsel has a Rule 11 good faith basis to believe two things are true: First, defendant Montealegre must have been an alien or citizen of a diverse state at the time of initiating the lawsuit, not at an earlier or later time. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004) (diversity of citizenship is measured "against the state of facts that existed at the time of filing."). Second, defendant must not be a U.S. citizen domiciled in Nicaragua, as U.S. citizens domiciled abroad are "neither a 'citizen of a state' nor an alien under 28 U.S.C. § 1332(a)(3)" and thus may not be sued in federal court based on diversity jurisdiction. *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995).

The Court finds that plaintiff may amend his complaint to cure the subject matter jurisdiction defect without serving the amended complaint on the defaulting defendants (and starting over the process for acquiring a default judgment) because the amendment adds new factual allegations but will not add a new claim. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."); *Bd. of Trs. of Laborers Health & Welfare Trust Fund for N. Cal. v. Perez*, No. 10-cv-02002 JSW JCS, 2011 WL 6151506, at *5 (N.D. Cal. Nov. 7, 2011) (finding default judgment could be granted despite plaintiff not serving defaulting defendant with amended complaint, where amended complaint contained "new factual allegations" but not new claims).

Plaintiff may amend his complaint as proposed within seven days of this order. The Court will then address plaintiff's motion for default judgment based on the amended complaint.

Case No. 12-cv-02377 NC
ORDER GRANTING LEAVE TO AMEND
2

1
2     IT IS SO ORDERED.
3     Date: July 10, 2014

    _____
    Nathanael M. Cousins
    United States Magistrate Judge

Case No. 12-cv-02377 NC
ORDER GRANTING LEAVE TO     3
AMEND