UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JBR, INC,<br><br>             Plaintiff,<br><br>     v.<br><br>CAFE DON PACO, INC, et al.,<br><br>             Defendants. | Case No.  12-cv-02377-JD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED**<br><br>Re: Dkt. No. 65 |

On August 25, 2014, Magistrate Judge Cousins issued a report and recommendation in this case proposing to grant plaintiff JBR Inc.'s motion for default judgment on the breach of contract and common counts claims, but to deny it with respect to interference with an economic relationship.  Dkt. No. 65 at 30.  Objections to the report and recommendation were due by September 8, 2014; no party objected.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  The Court has reviewed the report and recommendation and adopts it subject to a clarification on the application of Fed. R. Civ. P. 5(a)(2).

Rule 5(a)(2) governs service of pleadings and other papers on a party that fails to appear.  It states that "[n]o service is required on a party who is in default for failing to appear.  But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."  Fed. R. Civ. P. 5(a)(2).  The rule is at issue in this case because two of the three defendants -- Café Don Paco, Inc. and Alvaro Montealegre -- were properly served under Rule 4 with a summons and complaint but did not appear at any point in the case.  The Clerk of the Court entered a notice of default against all the defendants on July 11, 2013.  Dkt. No. 31.  Plaintiff filed a second amended complaint and the motion for entry of default judgment after the notice of

default was entered. Dkt. No. 65 at 5. The second amended complaint made a new factual allegation about Montealegre's citizenship for jurisdiction purposes but did not add any new claims. Plaintiff did not serve the second amended complaint on the two defendants who did not appear.

Magistrate Judge Cousins found that Rule 5(a)(2) did not require service of the second amended complaint on the two defendants who failed to appear because it did not add a new claim. The Court agrees with this conclusion and finds that when, as here, a defendant is in default for failing to appear, service of pleadings and other papers is not required. Fed. R. Civ. P. 5(a)(2); *Bd. of Trs. of Laborers Health & Welfare Trust Fund for N. Cal. v. Perez*, No. 10-cv-02002-JSW (JCS), 2011 WL 6151506, at *5 (N.D. Cal. Nov. 7, 2011).

But the Magistrate Judge did not address an arguably contrary decision by a district judge of this Court holding that "allowing entry of default on an amended complaint that was never served would contravene the objectives embodied by Rules 4 and 5(a)(2) that a defendant receive notice." *IBEW Local 595 Health & Welfare Trust Fund v. Givens Elec., Inc.*, No. 09-cv-6076-RS, 2011 WL 2414346, at *2 (N.D. Cal. Jun. 15, 2011). This Court finds that *IBEW Local* does not suggest a different result here because that decision ultimately turned on the fact that the plaintiffs were entitled to entry of default under the original complaint. *Id*. at *2. That fact makes the commentary on Rule 5(a)(2) *dicta* with respect to failure to serve the amended complaint. And even if that were not the case, this Court finds that the plain language of Rule 5(a)(2) compels the conclusion that the addition of new factual allegations in an amended complaint, without the addition of a new claim, does not require service of the amended pleading on a party in default for failure to appear. Nothing in Fed. R. Civ. P. 4 trumps the specific direction of Rule 5(a)(2) in that situation.

Consequently, the report is adopted subject to these considerations. Judgment is entered in favor of JBR and against the defendants in the amount of $320,809.97, plus $75,876.50 in attorney's fees.

**IT IS SO ORDERED**.

Dated: September 30, 2014

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JBR, INC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CAFE DON PACO, INC, et al.,<br><br>　　　　　Defendants. | Case No.　12-cv-02377-JD<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on 10/7/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roberto Bendana
Km 10.5 Carretera Sur, Casa No. 42
Managua,


Dated: 10/7/2014

　　　　　　　　　　　　　　　　　　　　　　Richard W. Wieking
　　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court



　　　　　　　　　　　　　　　　　　　　　　By: *Lisa R. Clark* _____
　　　　　　　　　　　　　　　　　　　　　　LISA R. CLARK, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　　Honorable JAMES DONATO

4